IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JOSEPH WHITE, | : | |
| Petitioner, | : | CIVIL ACTION |
| vs. | : | |
| SUPT. MORISA LAMAS, et al. | : | NO. 11-2339 |
| Respondents. | : | |

MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                              SEPTEMBER 12, 2012

Presently before the Court is a Petition for Writ of Habeas Corpus (the "Petition") filed by Joseph White ("White"), a state prisoner, pursuant to 28 U.S.C. § 2254.  Magistrate Judge Thomas J. Rueter filed a Report and Recommendation ("R&R") in this matter recommending that the Petition be granted and White re-sentenced by the Commonwealth of Pennsylvania (the "Commonwealth") within ninety (90) days of an order granting the Petition.  For the reasons which follow, we approve and adopt this R&R in its entirety.

I.      BACKGROUND

On November 13, 2008, White was found guilty after a jury trial in the Philadelphia Court of Common Pleas of homicide by vehicle while driving under the influence and driving under the influence of alcohol or a controlled substance.[1]  White's convictions involved the death of sixteen-year-old Benjamin Lipsky who was leaving Synagogue services with his family when

---

[1] A complete procedural history, including the facts surrounding White's convictions, is set forth in Magistrate Judge Rueter's R&R, Joseph White v. Supt. Morisa Lamas, et al., Civil Action No. 11-2339, Report and Recommendation, filed Aug. 17, 2012.

he was struck by White's vehicle in the parking lane of a street in Philadelphia. On January 9, 2009, now-retired Judge Renee Cardwell Hughes sentenced White to an aggregate sentence of five to ten years imprisonment.

Subsequently, White filed a motion for a new trial and to arrest judgment, which was denied by the court on January 22, 2009. (See Mot. for Arrest of J./New Trial ¶¶ 5-6.) White then filed a notice of appeal to the Pennsylvania Superior Court raising five claims for review including the claim that he was "entitled to a remand to the Sentencing Court for a new Sentencing Hearing, where the Court abused its discretion in imposing sentence and where the sentence imposed was excessive and harsh under the circumstances and where the Court had expressed its bias against the type of case before it and where the Court failed to consider mitigating factors before it." (Resp. Habeas Pet., Ex. C at 3-4.) The Superior Court affirmed the judgment of sentence in an opinion dated March 31, 2010. See Commonwealth v. White, No. 512 EDA 2009 (Pa. Super. 2010.) The Supreme Court of Pennsylvania denied White's request for discretionary review on August 4, 2010. Commonwealth v. White, 3 A.3d 671 (Pa. 2010)(Table).

On April 4, 2011, White filed the instant Petition pro se and raised a single claim asserting that his sentence was excessive. The Commonwealth filed a Response to the Petition on December 5, 2011. Magistrate Judge Rueter subsequently appointed counsel to represent White, and counsel filed a memorandum in support of the Petition on April 13, 2012. The Commonwealth filed a Supplemental Response to this memorandum on July 16, 2012. On August 20, 2012, Magistrate Judge Rueter issued his R&R recommending that the Petition be "conditionally granted so that the state court can re-sentence petitioner in accordance with the

Constitution." (R&R at 27.) Magistrate Judge Rueter further recommended that this Court order the Commonwealth to release White from Custody should he not be re-sentenced within ninety (90) days of the date of an order granting the writ of habeas corpus. (Id.) The Commonwealth filed objections to the R&R on August 31, 2012.

## II.     DISCUSSION

When a Magistrate Judge has issued a R&R for a writ of habeas corpus under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court "shall make a de novo determination of those portions of the recommendation to which objection is made. A judge of the court may accept, reject or modify, in whole or in part, the findings or recommendation made by the magistrate." 28 U.S.C. § 636(b).

The Commonwealth objects to the R&R on the following grounds: (1) Petitioner has provided no evidence of "actual vindictiveness" and the R&R misapplied relevant precedent; (2) the state court adjudicated all of the sentencing claims before it, and Petitioner is not entitled to de novo review; and (3) Petitioner's claim is procedurally defaulted because he did not fairly present it to the state court. (Doc. No. 41).

We have carefully considered the objections raised by the Commonwealth. We have also thoroughly reviewed the applicable case law relevant to each objection, and find that they have no merit. The R&R properly addressed Petitioner's lone sentencing claim and the issues involving its presentation to the state courts. Accordingly, we find no reason to expound on Magistrate Judge Rueter's well-reasoned and comprehensive R&R, and thus, we adopt his recommendations in their entirety.

An appropriate Order follows.